UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

New Grange, Inc.

Bky. 11-43417
Ch. 11

Debtor.

**NOTICE OF HEARING AND EXPEDITED MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES AND EMPLOYEE COMPENSATION**

TO: The entities specified in Local Rule 9013-3:

1. New Grange, Inc., the debtor in the above referenced bankruptcy proceeding, by and through its undersigned attorneys, moves the court for the relief requested below and gives notice of hearing.

2. The court will hold a hearing on this motion at 11:15 a.m. on May 19, 2011, before the Honorable Dennis D O'Brien, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St Paul, Minnesota 55101 (the "Hearing").

3. Any response to this motion as to issues to be considered at the hearing must be filed and delivered prior to the hearing. **Unless a response opposing the motion is timely filed, the court may grant the relief requested in the motion without a hearing.**

4. This court has jurisdiction over this motion under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this case was filed on May 13, 2011. The case is now pending before this court.

5. This motion arises under 11 U.S.C. §§105(a), 363, 1107 and 1108. This motion is filed under Fed.R.Bankr. 9014 and Local Rules 9013-1 through 9013-3. The debtor requests an order authorizing payment of prepetition wages and compensation to its employees.

**FACTUAL BACKGROUND**

6. The debtor is a Minnesota corporation primarily engaged in the business of the operating a restaurant called The Melting Pot located in downtown Minneapolis, Minnesota. The debtor has been in that location and operating as a franchisee of The Melting Pot since March of 2003.

**PRE-PETITION EMPLOYEE WAGES AND COMPENSATION**

7. As of the petition date, the debtor employed approximately forty-seven employees in various restaurant services including chefs and kitchen staff, bar staff and wait staff, bus attendants, hosts, managers and other hospitality employee positions. The debtor anticipates that it will retain this employee workforce as the debtor deems necessary to its reorganization.

8. The debtor pays its hourly employees bi-weekly on Fridays in arrears such that each two week pay period ends on the Monday that falls eleven days prior to the pay date. Accordingly, the debtor's first post-petition scheduled payroll was to occur on May 27, 2011 for the period May 3 to May 16, 2011. The accrued and unpaid hourly employee wages as of the petition date is approximately $12,575.91 for the period May 3 through May 13, 2011.

9. The debtor pays its managers bi-weekly on Fridays in arrears such that each two week period ends on the Monday that falls seven days prior to the pay date. Accordingly, the debtor's first post-petition scheduled payroll was to occur on May 20, 2011 for the period May 1

to May 14, 2011. The accrued and unpaid manager wages as of the petition date is approximately $12,306.88 for the period May 1 through May 13, 2011.

10. In addition, other employee compensation, including payroll checks that were issued to the debtor's employees prior to the petition date which may not have been presented for payment or cleared the banking system, may not have been paid as of the petition date. While the debtor additionally requests payment on any such former compensation, the debtor estimates that any such liability does not exceed $8,000 in aggregate.

11. The debtor estimates that the total unpaid prepetition compensation—including all wages and other employee compensation referenced herein—that has been earned prior to the petition date but remains unpaid to date—will be approximately $24,882.79. The debtor seeks authority to pay this earned employee compensation.

12. No single employee of the debtor will be paid in excess of $10,000 in the aggregate on account of prepetition compensation of any kind.

13. Two of the employees who are owed pre-petition wages are insiders. David Ahern is the Vice President and Secretary and a 50% owner of the debtor. He is owed $2301.96 of pre-petition wages for his work as one of the restaurant's managers. Brian Jaedike is the President and Treasurer and a 50% owner of the debtor. He is owed $2987.97 of pre-petition wages for his work as one of the restaurant's managers.

14. The continued and uninterrupted service of the debtor's employees is critical to the debtor's ability to continue as an ongoing concern and to reorganize in this proceeding. The debtor seeks expedited relief by this motion because any delay in making payments described herein will severely damage the debtor's relationship with its employees. Accordingly to minimize the employee hardship and, moreover, ensure the availability of employees including

several critical employees, the debtor seeks to continue to pay employee compensation earned but unpaid as of the petition date and in the ongoing ordinary course of business.

15. If the relief requested herein is not granted, the employees will suffer great hardship and financial difficulties. If the payments are not made, the debtor believes a number of the employees will seek other employment in the hospitality industry, and the debtor will suffer immediate and irreparable harm. Unless the relief requested is granted, the debtor may be deprived of the opportunity to reorganize under the Bankruptcy Code.

16. It is in the best interests of the debtor and its creditors that the court authorizes the employee wage payments described herein to avoid hardship to the employees and also to maintain and preserve the viability of the debtor's ongoing business.

## WITNESSES

17. The debtor reserves the right, if necessary, to offer the testimony of David Ahern, Vice President of the debtor, in support of this motion.

WHEREFORE, the debtor respectfully requests that the court enter an order authorizing the debtor to pay the prepetition wages and employee compensation set forth in this motion, and granting such other and further relief as is just and proper.

Respectfully submitted,

Dated: May 18, 2011. **MORRIS LAW GROUP, P.A.**

By: /s/ Ann P Johnson
Ann P Johnson (#0390400)
Morris Law Group, P.A.
7241 Ohms Lanes, Suite 275
Edina, MN 55439
Phone (952) 832-2000
Fax (952) 832-0020

## Verification

I, David Ahern, Vice President of the debtor herein, declare under penalty of perjury that the facts set forth in the foregoing Notice of Hearing and Expedited Motion for an Order Authorizing Debtor to Use Cash Collateral are true and correct, to the best of my knowledge, information and belief.

Dated: May 13, 2011

By: _____
David Ahern

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

New Grange, Inc.

Bky. 11-43417
Ch. 11

Debtor.

## MEMORANDUM OF LAW

New Grange, Inc., the debtor in the bankruptcy proceedings, through its undersigned attorneys, submits this Memorandum in support of its Motion for Order Authorizing Debtor to Pay Pre-Petition Wages and Employee Compensation. A hearing has been scheduled to consider the motion on May 19, 2011.

## FACTUAL BACKGROUND

The factual support for the debtor's motion and this memorandum is set forth in the verified motion.

## LEGAL ARGUMENT

As a general rule, a chapter 11 debtor is prohibited, outside of the plan confirmation process, from making payment of selected pre-petition claims, including the debtor's employees' claims for "wages, salaries, or commission, including vacation, severance, and sick leave pay" earned within 180 days before the petition date are afforded unsecured priority status to the extent of $10,000 per employee. 11 U.S.C. §§ 507(a)(4). Such employee compensation would normally be paid in full under a confirmed plan of reorganization. However in some instances when the payment of a pre-petition liability is vital to the reorganization proceeding, courts have exercised its discretionary powers under 11 U.S.C. § 105 and authorized a debtor to pay certain

pre-petition claims of employees for wages and employee compensation which accrued in the days immediately preceding the bankruptcy filing. *See In re Eagle-Pitcher Industries, Inc.,* 124 B.R. 1021 (Bky S.D. Ohio 1991) (debtor authorized to pay prepetition unsecured claims of key suppliers not otherwise entitled to priority treatment under Section 507); *In Re Ionosphere Clubs, Inc. and Eastern Airlines, Inc.,* 98 B.R. 174 (Bky. S.D.N.Y. 1989) (court authorized payment of pre-petition wages and benefits beyond § 507(a)(3) limit); *In re Gulf Air, Inc.,* 112 B.R. 152 (Bky W.D. La. 1989) (court applied "necessity of payment" doctrine and authorized payment of certain pre-petition employee related expenses including wages, salary and employee benefits); *In re Chateauguay Corp,* 80 B.R. 279 (S.D.N.Y. 1987) (District Court affirmed the bankruptcy court order authorizing LTV Corp. to pay certain pre-petition wages and salaries, expense reimbursements, and employee benefits); *cf. see, Official Committee of Equity Security Holders v. Mabey,* 832 F.2d 299 (4th Cir. 1987); *In re FCX, Inc.,* 60 B.R. 405 (E.D.N.C. 1986).

Payment of pre-petition employee wages and employee compensation which accrued prior to the petition date is necessary to the debtor's ongoing reorganization efforts and is in the best interest of creditors. In order to proceed with an effective reorganization, the debtor must maintain its employees, most of which live from paycheck to paycheck. Employee continuity, morale and performance are essential to the debtor's reorganization efforts. If the relief requested herein is not granted, the debtor submits that it may lose the services of many of its employees immediately and without notice. If this were to occur, the interruption in the debtor's ability to serve its customers will cause immediate and irreparable harm to the debtor and severely impair its reorganization efforts. This court may exercise its discretionary powers under Section 105 and grant the relief requested herein if the court determines that such payments are in the best interest of creditors and necessary to a successful reorganization. *In re Gulf Air, Inc.,* 112 B.R. at 152.

The debtor requests authority to make payment of pre-petition wages and employee compensation which are entitled to priority treatment under 11 U.S.C. § 507(a).

## CONCLUSION

The debtor, through its undersigned attorneys, respectfully requests that its motion be granted and that it be authorized to pay pre-petition wages and employee compensation as set forth in the motion.

Dated: May 18, 2011. **MORRIS LAW GROUP, P.A.**

By: /s/ Ann P Johnson
Ann P Johnson (#0390400)
Morris Law Group, P.A.
7241 Ohms Lanes, Suite 275
Edina, MN 55439
Phone (952) 832-2000
Fax (952) 832-0020

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

New Grange, Inc.

Bky. 11-43417-DDO
Ch. 11

Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I, Ann P Johnson, do hereby certify that on May 18, 2011 the below listed documents were filed with the Clerk of Court via ECF, and served upon all parties in interest and other entities specified in Local Rule 9013-3 listed on the attached service list by first class U.S. mail.

1. Notice of Hearing and Motion for Order Authorizing Debtor to Pay Pre-Petition Wages and Employee Compensation,
2. Memorandum of Law, and
3. Proposed Order.

<u>Via e-notice by the U.S. Bankruptcy Court to the following:</u>

Sarah Wencil on behalf of U.S. Trustee US Trustee: sarah.j.wencil@usdoj.gov
US Trustee: ustpregion12.mn.ecf@usdoj.gov
Ann Johnson, attorney for debtor: ajohnson@morrislawmn.com

<u>Via facsimile to the following:</u>

| | |
|---|---|
| Internal Revenue Service Office of District Counsel | 651-726-7360 |
| Collection Division of MN Department of Revenue | 651-282-2817 |
| United States Attorney for the District of Minnesota | 612-664-5788 |
| District Director of Internal Revenue Service | 651-312-7970 |
| US Bank Bankruptcy Department | 513-979-3223 |

<u>Via by U.S. mail to the following:</u>

1

New Grange, Inc.
11110 Sweet Water Path
Woodbury, MN 55129

LUXURY MEDIA GROUP
MARY-JO JENSEN CARTER, TRUSTEE
1257 GUN CLUB ROAD
WHITE BEAR LAKE, MN 55110

ADVANCE RESTAURANT FINANCE
3 WATERS PARK DRIVE, SUIET 231
SAN MATEO, CA 94403

AURORA LOAN SERVICES
PO BOX 1706
SCOTTSBLUFF, NE 69363-1706

MINNESOTA TWINS
1 TWINS WAY
MINNEAPOLIS, MN 55403

BIX PRODUCE
1415 L'ORIENT STREET
ST. PAUL, MN 55117

MSP COMMUNICATIONS
220 SOUTH SIXTH STREET, SUITE 500
MINNEAPOLIS, MN 55402

ALLY-GMAC
ALLY AUTOMOTIVE FINANCING
PO BOX 380901
BLOOMINGTON, MN 55438

SKJOLD-BARTHEL
222 9TH STREET SOUTH, #3220
MINNEAPOLIS, MN 55402-3398

METRO RETAIL
50 GROVELAND TERRACE, SUITE A
MINNEAPOLIS, MN 55403-1100

VOLKSWAGEN CREDIT
PO BOX 17497
BALTIMORE, MD 21297-1497

ASSOCIATED BANK
740 MARQUETTE AVENUE SOUTH
MINNEAPOLIS, MN 55402-2303

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

MINNESOTA DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
P.O. BOX 64447-BKY
ST. PAUL, MN 55164-0447

MINNEAPOLIS DOWNTOWN COUNCIL
81 SOUTH 9TH STREET, STE 260
MINNEAPOLIS, MN 55401

MINNEAPOLIS FINANCE DEPARTMENT
CITY HALL, RM 325
350 SOUTH 5TH ST
MINNEAPOLIS, MN 55415

MINNESOTA DEPARTMENT OF HUMAN SERVICES
CHILD SUPPORT ENFORCEMENT DIVISION
PO BOX 64946
ST. PAUL, MN 55164-0946

WASHINGTON COUNTY
PO BOX 200
STILLWATER, MN 55085-0200

District Counsel of the Internal Revenue Service
380 Jackson Street, Suite 650
St. Paul, MN 55101

District Director of the Internal Revenue Service
30 E. 7th Street
Stop 5700, Suite 1222
St. Paul, MN 55101

Collection Division of the Minnesota Department of Revenue
Bankruptcy Section
P.O. Box 64447
St. Paul, MN 55164-0447

United States Attorney for the District of Minnesota
600 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Dated: May 18, 2011.

/s/ Ann P Johnson
Ann P Johnson

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:

New Grange, Inc.

Bky. 11-43417-DDO
Ch. 11

Debtor.

ORDER AUTHORIZING DEBTORS TO PAY
PRE-PETITION WAGES AND EMPLOYEE COMPENSATION

This case came on for hearing before the court upon the motion of New Grange, Inc. for an order authorizing the debtor to pay prepetition wages and other employee compensation; and it appearing that the relief requested is necessary to preserve the debtor's ongoing operations, and is in the best interests of the debtor's estate and its creditors; and in light of the expedited nature of the relief requested and it appearing that sufficient notice has been given; and appearances having been noted as on the record; and the court having determined that the interim relief requested is necessary to avert a serious threat to the debtor's efforts in this case,

IT IS ORDERED:

1. The debtor's motion for an expedited relief is granted;

2. The debtor's motion is granted in its entirety, and the debtor is hereby authorized to pay pre-petition wages and employee compensation as described in the motion to the non-insider employees listed in the Exhibit A attached herein, to the extent that such claims do not exceed the limits set forth in 11 U.S.C. § 507(a)(4).

Dated: _____, 2011.

_____
Dennis D. O'Brien
United Stated Bankruptcy Judge

## Exhibit A

Employees authorized for payment of pre-petition compensation and approximate compensation owed:

Managers

Lee Johnson
965 Laurel Ave
St. Paul, MN 55104
Owed: $1178.76

Katie Troutman
965 Laurel Ave
St. Paul, MN 55104
Owed: $2059.70

Molly Ahern
10314 Arrowwood Drive
Eden Prairie, MN 55347
Owed: $1325.12

Lisa Dodd
987 Fuller Ave
St. Paul, MN 55104
Owed: $1327.75

Sergio Carbajal
10632 River View Place
Coon Rapids, MN 55433
Owed: $1125.62

Dave Ahern
567 Witt Court
Vadnais Heights, MN 55127
Owed: $2301.96

Brian Jaedike
11110 Sweetwater Path
Woodbury, MN 55123
Owed: $2987.97

Hourly Employees

Rashanda Copper
804 27th Ave NE #2
Minneapolis, MN 55418
Owed: $262.21

Patrick Abudo
3536 N Emerson Ave
Minneapolis, MN 55412
Owed: $172.77

Megan Anderson
3824 26th Ave S
Minneapolis, MN 55406
Owed: $188.90

Marco Aucapina
1122 23rd St NE, Apt 1
Minneapolis, MN 55418
Owed: $199.67

Francisco Campos
2718 Chicago Ave S
Minneapolis, MN 55407
Owed: $426.74

Enrique Carbajal
10632 Riverview Pl NW
Coon Rapids, MN 55433
Owed: $343.90

Silvia Chaves
10632 Riverview Pl NW
Coon Rapids, MN 55433
Owed: $814.37

Daniel Cornforth
2645 Dupont Ave S, Apt 1
Minneapolis, MN 55408
Owed: $227.58

Donny Fisch
8133 E Bloomington Fr, Apt 101
Bloomington, MN 55420
Owed: $439.21

Joshua Florhaug
8260 N. Hayden Rd
Scottsdale, AZ 85258
Owed: $144.93

Manuel Guallpa
2729 Park St
Minneapolis, MN
Owed: $336.96

Maria Guasco
2929 14th Ave A
Minneapolis, MN 55408
Owed: $288.80

Kevin Harrington
1100 18th Ave SE #3
Minneapolis, MN 55414
Owed: $286.90

Israel Hernandez
2200 Pillsbury Ave
Minneapolis, MN 55408
Owed: $526.70

Christopher Hershey
8355 Valentine Terrace
Bloomington, MN 55431
Owed: $124.20

Melissa Holland
2608 Pillsbury Ave S, #2
Minneapolis, MN 55408
Owed: $302.11

Walter Hornbrook
3914 29th Ave S
Minneapolis, MN 55406
Owed: $284.52

Kaitlin Karow
1540 Thomas Lake Pointe Rd
Eagan, MN 55122
Owed: $534.80

Emily Kudrie
10300 Little Road
Bloomington, MN 55437
Owed: $319.32

Jennifer Kudrie
1300 Yale Place, Apt. 230
Minneapolis, MN 55403
Owed: $429.74

Kyle Kudrie
3354 Alden Pool Lane
Eagan, MN 55121
Owed: $248.04

James Kuettner
2011 3rd Ave S, Apt 110
Minneapolis, MN
Owed: $96.60

Thomas Murphy
2103 W 90th St, #2
Bloomington, MN 55431
Owed: $254.26

Abraham Nunez
10632 Riverview Pl NM
Coon Rapids, MN 55433
Owed: $824.69

Mark Nusbaum
2216 Buckingham Lane
Moundsview, MN 55112
Owed: $259.84

Rachel Odean
11500 Keating Ave
Burnsville, MN 55337
Owed: $330.24

Joaquin Palmer
3916 Grand Ave, Apt. 1
Minneapolis, MN 55409
Owed: $274.99

Polinario Pauta
118 29th
Minneapolis, MN 55408
Owed: $451.35

Maria Sanchez
3500 Oakland Ave, #2
Minneapolis, MN 55407
Owed: $355.60

David Schaefer
4501 78th Ave
Brooklyn Park, MN 55443
Owed: $278.18

Alexandra Siguencia
952 Lory Ave NE
Minneapolis, MN 55418
Owed: $219.68

Rosa Simbaina-Naula
118 29th
Minneapolis, MN 55408
Owed: $424.26

TaVanni Singleton
225 15th St W, #409
Minneapolis, MN 55403
Owed: $476.80

Justin Smith
3214 31st Ave S
Minneapolis, MN 55406
Owed: $438.77

William Smith
257 Lafayette Ave, #201
Buffalo, MN 14213
Owed: $398.94

Leobarda Vasquez
2743 11th Ave S, Apt 13
Minneapolis, MN 55407
Owed: $430.95

Victor Villafan
7332 5th Ave S
Richfield, MN 55423
Owed: $438.60